## STONE *versus* REDMAN.

Where the plaintiff claims title to personal property under a mortgage, and introduces the testimony of the mortgager to sustain it, the defendant may prove his declarations made subsequent to the execution of the mortgage to contradict his testimony; and the jury may rightfully consider *such declarations*, with the other testimony, in determining the issue, whether the mortgage was fraudulent.

A party cannot complain, that instructions were not given as to the effect of certain testimony in the case, without any request concerning it.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding. TRESPASS.

The defendant, as sheriff, attached certain goods upon a writ against one E. H. Swett. The plaintiff claimed them by a mortgage duly recorded, before the attachment.

On the trial, plaintiff used the deposition of said Swett, and defendant called two witnesses as to the declarations of Swett, after the mortgage was recorded, that it was only made for a cover to keep his business along; that it was only a sham. This testimony was received *only* for the purpose of contradicting Swett.

Other testimony was produced as to the validity of the mortgage.

Among other instructions, the presiding Judge gave the following: — that with regard to the question whether said mortgage was *bona fide*, and therefore valid, the jury should take into consideration, with the other testimony in the cause, the testimony of said witnesses as to what Swett said as to said conveyance.

To which ruling and instruction the plaintiff excepted.

*Fessenden,* in support of the exceptions, cited *Bridge* v. *Eggleston,* 14 Mass. 245. The evidence of these witnesses could not be considered as having any bearing on the point whether the mortgage was *bona fide* or fraudulent. It could only be considered as bearing on the credibility of the witness. The utmost effect would be to set aside his testimony. But setting that aside, it would not follow that the jury were to conclude the mortgage was fraudulent, for the presumption was against it.

It is true the evidence was not received for this purpose; but the jury cannot know for what purpose testimony is admitted without being instructed by the Court. It was the duty of the Judge to have limited the effect of the testimony to the purpose only for which it was admitted.

*Peters, contra.* The testimony was received for some purpose; the defence was, that the mortgage was fraudulent. Swett swears that it was not fraudulent. This was the

question to be considered. If the instruction was in any sense correct, and other instructions should have been given and were not, a party cannot avail himself of the omission, unless the Judge was thereto specially requested. *Hatch* v. *Spearin*, 11 Maine, 354.

SHEPLEY, C. J. — One question presented for decision by the jury appears to have been, whether a conveyance of certain goods in mortgage from E. H. Swett to the plaintiff was made to defraud the creditors of Swett. The deposition of Swett having been introduced as testimony for the plaintiff, testimony to affect its credibility was introduced from witnesses called for defendant, that Swett after making the mortgage, had declared to them, that it was only made for a cover to keep his business along.

The complaint is, that the jury were instructed " with regard to the question whether the mortgage was *bona fide*, and therefore valid, they should take into consideration, with the other testimony in the cause, the testimony of said witnesses as to what Swett said as to said conveyance."

If the testimony of those witnesses had not been regarded by the jury, when the character of that conveyance was under consideration, it could have had no effect to impair the credibility of the testimony of Swett. Other instructions, not stated, were given. It may be, that in them the jury were informed, that the declarations of Swett, so made, should not be considered as proof, that the mortgage was received by the plaintiff to defraud creditors.

If not, and more particular instructions were desired respecting the effect of such testimony, a request for them should have been presented. It does not appear, that any incorrect instructions respecting the effect of it were given, or that any improper use was made of that testimony.

*Exceptions overruled.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.